

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00125-CR

_____

TREVOR EDWARD HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st District Court
Smith County, Texas
Trial Court No. 241-0661-17

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

In June 2018, Trevor Edward Hill pled true to several allegations he had violated the terms of his deferred adjudication community supervision[1] and was sentenced to twenty months' confinement.   No plea agreement was in place.

Hill's attorney has filed a brief which states that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal.  The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings.  Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On October 16, 2018, counsel mailed Hill copies of the brief and the motion to withdraw. Counsel informed Hill of his rights to review the record and file a pro se response, and counsel sent Hill a motion to obtain the appellate record, lacking only Hill's signature and the date.  By letter dated November 13, 2018, this Court informed Hill that any pro se response was due on or before December 13, 2018.   On January 7, 2019, this Court further informed Hill that the case would be set for submission on the briefs on January 28, 2019.  We received neither a request for

---

[1]In August 2017, pursuant to a plea arrangement, Hill pled guilty to possession of  less than one gram of a Penalty Group 1 controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017).  Adjudication was deferred, and Hill was placed on community supervision.

2

the appellate record, nor a pro se response from Hill, nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]


Ralph K. Burgess
Justice

Date Submitted:      January 28, 2019
Date Decided:        January 29, 2019

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.